Sibley, J.
On April 25th, 1898, Isaac McGee filed his petition in-the probate court of Jackson county, by which he sought to recover, first, compensation and damages for land alleged to-have been taken in the construction of a turnpike over a-county road which passed through his premises; and second damages growing out of a change in the grade of the old highway, injury of access thereto, etc. To this, a demurrer-was interposed, upon two grounds; first, that the court had “no jurisdiction of the defendant or the subject of the action”; and second, that the petition did “not state facts sufficient to constitute a cause of action.” This was overruled, the defendant duly excepting. Afterward slight amendments were made to the petition, but not in any particular affecting the question of jurisdiction, Later, new parties plaintiff were made. An answer also was filed which put in issue the averments of the petition as to taking-any land of the plaintiffs, or in other respects injuring their property or rights by the construction of the turnpike. To this a reply was filed. Upon the issues thus made, the case was three times tried in the probate court, with verdicts for the defendant, On the last one judgment was entered. The case was then taken to the common pleas by proceedings in error. There the judgment was reversed and the cause set down for trial — to all of which the defendant objected and excepted. ■ Later the action was tried, with a verdict for plaintiffs of $76. Motions for a new trial and in arrest of judgment were filed, on the ground of want of jurisdiction, which were overruled, defendant duly excepting. Judgment was thereupon entered against the defendant for the amount of the verdict, ándeoste, the latter being from eight to nine hundred dollars. Error is prosecuted to this court to reverse the action in the common pleas.
The record shows a bill of exceptions setting out all the-evidence on the trial of the case, But the one question we-consider is, whether or not the probate court was invested with jurisdiction; for if that was lacking, all the proceedings in the action are manifestly erroneous and void. The defendants in error, of course, maintain that it had juris *203 diction, while the other side strenuously controverts this proposition.
1. All agree that the case does not fall within the jurisdiction conferred on the probata court by the constitution, or in express terms by any statute.
It further is conceded that it cannot be inherent'to that ■court, and so if not given by the proper effect of some legislative act, it does not exist. The controversy finally narrows down, therefore, to a comparison and construction of certain sections of the Revised Statutes. These are found in the chapter which provides for the laying out and making of turnpikes (sections 4758-4773),and the later one, authorizing the appropriation of property by corporations isections 6414-6453). Upon a true reading of some of their provisions, the question of jurisdiction hinges.
Section 6448, relied on in part by the defendants in error, provides: “When a corporation authorized by law to make appropriation of private property * * has taken possession of, and is occupying or using the land of any person * * and the land so occupied or used has not been appropriated and paid for by the corporation, or is not held by any agreement in writing with the owner thereof, * * such owner or owners or either of them, * * may serve notice in writing, upon the corporation in the manner provided for the service of summons against a corporation, to proceed under this chapter to appropriate the lands, and on failure of such corporation for ten days so to proceed, said owner or owners * * may file a petition in the probate court of the proper county setting forth the fact of such use or occupation by the corporation; that the corporation has no legal or equitable right thereto * *; that the notice provided in this section has been duly served; that the time of limitation under the notice has-elapsed, and such other facts, including a pertinent description of the land so used and occupied, as may be proper to a full understanding of the facts.”
On the filing of such petition the further provision by section 6449, also cited by them, is that “a summons shall issue and be served upon the corporation, and thereafter the proceedings in said court shall be conducted to final judgment in all respects as provided in this chapter.”
*204 The formal averments of the petition herein sufficiently bring the case within section 6448, if that can be regarded as applicable on the other facts alleged, and in an action of this nature, against the board of county commissioners. Here, indeed, is the core of the controversy, for if that section does not apply and authorize the institution of this suit, then utter lack of jurisdiction is admitted. That by force of its own terms, it has any application, is not contended. All the provisions in the chapter of which this section is a part, relate to private corporations only.
But, as if to put the matter beyond dispute, it is expressly provided by section 6453, that they “shall not apply to proceedings by state, county, township, district, or municipal authorities, to appropriate private property for public uses, or for roads or ditches.” Such cases are left under other provisions of law, therefore, so far as this chapter goes.
But the contention for the application of section 6448, and so for jurisdiction, is at last made to rest upon section 4761, which specifies how coimpennsation and damages for lands taken to build turnpikes shall be determined, in case the commissioners appointed to lay them out, and the owners, cannot agree upon the amount to be paid. It is as follows:
“When said commissioners and the owner or owners fail to agree as to the amount of compensation and damages, then the same shall be ascertained and determined by the board of county commissioners, and if the said board of county commissioners and the owner or owners fail to agree as to the compensation and damages, or when the owner is unknown, non-resident, or incapable of contracting, then the same shall be ascertained and adjusted by proceedings had in the name of the county commissioners, under the law providing for the appropriation of private property by corporations; provided, however, when any owner or owners are not unknown, or not non-residents, or not legally incapacitated from entering into a contract, and said commissioner* fail to agree as aforesaid, they shall cause to be filed with the proceedings brought in the name of the county commissioners the amount of compensation and damages by them tendered in writing to such owner or owners, and unless *205 said owner or owners shall be allowed by the jury in. said' proceedings compensation and damages in excess of the-amount allowed and tendered by said commissioners, then said owner or owners shall pay all costs made in said proceedings in the name of the board of county commissioners, ”
Before considering particularly the material parts of this section, it will aid, perhaps, to glance at the scheme and’ policy of the chapter in which it is found. This was enacted in 1869 (66 O. L., 62), and is entitled “An act .to-authorize county commissioners to locate and construct turnpike roads.” A few amendments since made do not affect, its general character, or the construction of the provisions in question. The bill of rights, section 19, clearly implies that, as a prerogative of state sovereignty, private property may be taken for the “purpose of making or repairing roads which shall be open to the public without charge”, before making compensation therefor. The right to this however, is secured, but the time and mode of providing for it are left to a reasonable legislative discretion. The act, a section of which is under consideration, was eivdently framed upon that theory,
Provision is made for the appointment of special commissioners who are authorized tu lay out, survey and locate turnpike roads, and for this purpose to enter upon lands,improved as well as unimproved: to receive grants, or propositions for the sale of rights of way from owners of lands-over which roads will pass; and also “to take timber and other materials necessary to the construction and repair of the same.' ’
The statute further provides for a fund that is to be created by donations or taxation, or both, out of which the owners shall be compensated for lands taken and damages suffered by them through the construction of a road, and from which also shall be paid other costs or expenses incident thereto! It is at this point that section 4761 becomes specially important.
It contemplates an effort amicably to settle the compensation and damages for lan !s taken, and hence the amounts to which the owners will be entitled, from the fund raised, (l),by arrangement with the commissioners appointed to lay out the road; and (2), in case they are unable to agree, by *206 referring the matter to the county commissioners. Should they also fail, then the compensation and damages “shall foe ascertained and adjusted”, says this statute, “by proceedings had in the name of the county commissioners.” That is its imperative requirement — 'the one and only mode of procedure which it authorizes, in the contingency for which it provides. This is emphasized moreover by the clause as to “costs made in said proceedings in the name of the board of county commissioners.” Manifestly, no right of action against that board was given or intended, so far as the words used import.
Nor is this conclusion altered by the fact that, from this initial point, the proceedings are to go forward “under the law providing for the appropriation of private property by corporations.” This still leaves the mandatory declaration that they “shall be * * in the name of the county commissioners” wholly untouched, for the reason that in the chapter thus referred to, there is nothing which modifies or in the slightest degree is incompatible with it, Its provisions merely determine the forum, and the procedure which is ulterior to this requirement of section 4761 — when the proceedings which it authorizes have been instituted, Otherwise, its own terms exclude its application to any disputé as to the compensation and damages given by the turnpike act. Hence it is that section 6448 gives the defendants in error no help. By no word or expression does it authorize an action like this, on the subject of action here involved.
Only by a supposed analogy with what it provides, in an entirely different class of cases, can the assumed right to maintain it be deduced- But the difficulty with this is, that if thus read, it is brought into irreconcilable conflict with section 4761. There is abundant room for the operation of each section, according to its fair import. We are therefore debarred from giving one a construction, the effect of which will be to make it inconsistent with the other.
But even if clauses in these sections may be regarded as in some sense opposed, on the question at issue, the provisions of 4761 must control, because they are not only clear and explicit, but also special to the matter in hand; while *207 those of 6448, to say the roost, give nothing in aid of the Jurisdiction invoked, except by doubtful inference.
In every view, therefore, it results that the board of county commissioners cannot be made a defendant in such ■proceedings, except by giving a reading to section 4761, which is in the teeth of its plain, positive terms, and that ■no other provision of law requires. The authority granted, is to proceed in their name; that exercised, was the bringing of a suit against them. One thing was authorized, in •other words, and another and wholly different thing done. For the first, the jurisdiction is ample, . for the second it •does not appear.
The evident object of the proceedings authorized by section 4761, is simply to fix the sum to which, as compensation and damages, one whose land has been taken for a turnpike, will be entitled. This is primarily a question between the special commissioners appointed, and the land ■owner. When they disagree, the statute refers it to the ■county board. And if they cannot settle it- — -what? An action against them for that purpose? The law answers “do”, by saying it “shall” be ascertained by “proceedings” in their “name”. Could language be more explicit?
While section 4761 is not perfectly clear on the point, apparently, if any adverse parties were made in such proceedings, they would be the turnpike commissioners.
The original difference is with them, and it seems to be ■contemplated that they will make a tender in writing to the land owner of what, in their judgment, is a just compensation and damages, the amount of which shall be ‘,‘filed with the proceedings”, for the purpose of charging the costs ■upon the party instituting them, unless the jury allows him >a larger sum.
In the event of his recovering more, the costs, as part of the expenses incident to making the road, would not be -chargeable against the county commissioners,in the absence ■of provision to that effect, but payable from the fund they -are to raise. Properly regarded, however, the proceedings •authorized by this section are not adversary — rather, they -seem to be in the nature of an action in rem- — to determine how much a party is entitled to out of a certain fund. And *208 obviously no authoirty is given to bring suit in the probate court, and there, or elsewhere, take judgment against the board of .commissioners.
As respects property appropriated, nonesuch was needed. Complete relief was open to the owner, by following the directions of the statute, with proceedings in the name of the county commissioners, instead of beginning an action against them, Consequently, there is no call for a strained construction of sections 4761 and 6448, in order to uphold-the jurisdiction,
The other branch of the action relates to damage growing-out of an alleged change of grade in the old road, occupied by this turnpike, and for making it more difficult of access-—less valuable in use. While it is not separately numbered as such, this, nevertheless, is a-distinct cause of action, and one which it may be doubted if. section 4761 was designed-to cover by the proceedings it authorizes.
The claim relates to injury to an easement, the extent of which scarcely could be ascertained till the road was completed, But whether it would be within the scope of that section or not, is immaterial, as to say the least, if it so be held,it cannot sustain the jurisdiction asserted in this action,, if otherwise it is not shown.
II. That, however, is not all. The turnpike act, of which' section 4761 is a part, was passed, as before stated, in 1869. The slight amendments since made, are not material to the point in view. Then, as now, in case of disagreement respecting compensation and damages for land taken, it was provided that the “same shall be ascertained and adjusted by proceedings had in the name’’ of the “county commissioners’’. This, also, was to be “under the laws in force at the time for the appropriation of private property for public use”
' Considered with the existing form of the section, enacted' in 1896, (92 O. L , 103) this shows its original and settled-policy as to the procedure, if the land owner went into the-probate court for relief.
But if his lands have been taken and rights in a public-highway injured by change of grade and obstructed access-thereto, he is not without remedy in another forum, where,, beyond question, complete relief may be given.
A. B. Jacobs, Prosecuting Attorney, .and S. B. White, for Plaintiff in Error,
John T. Moore and John W, Higgins, for Defendants in Error.
The owner in that case can go into the court of common pleas, and recover compensation and damages in all forms, arising out of the taking of his lands and the making of the road. This was held in 1876, in an action against a' municipality, and we see no reason why the principles thus established will not apply here. The statutoiy proceeding authorized, is to be regarded as cumulative to the right to remedy in such cases growing out of the constitutional title to compensation. (Youngstown v. Moore, 30 Ohio St., 133; Feuchter v. Keyl, 48 Ohio St., 357; Smith v. Commissioners, 50 Ohio St., 628.)
This furnishes an additional reason why a forced reading of sections 4761 and 6448 should not be given in order to uphold the jurisdiction of the probate court in the present case, A proceeding in the mode provided in 4761 could have been instituted if that was the forum chosen, or an action might have been brought in the common pleas. We are therefore constrained to say that section 6148, Revised Statutes, confers no authority to prosecute this suit in the probate court; that section 4761 in effect forbids it; and consequently that there was no jurisdiction there to entertain the action, either as to the subject thereof, or the party defendant.
On that ground, therefore, the judgment of the common pleas must be, and is, reversed,^and the cause dismissed,